IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN CHANDLER, #248136, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:26-cv-01705-B (BT) |
| | § | |
| TEXAS BEST PRE-OWNED | § | |
| AUTO SALES, et al. | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is *pro se* plaintiff Stephen Chandler's civil complaint. Com. (ECF No. 1). Chandler—currently confined in the Denton County Jail—alleges that he bought a used car from Texas Best Pre-Owned Auto Sales. *Id.* at 4. He alleges that the car had problems, so he took it to Allstate Transmission for repair. *Id.* He alleges that a tow truck then stole his car from Allstate. He seeks $40,000 in damages. *Id.*

For the following reasons, the District Judge should dismiss this action without prejudice for lack of subject matter jurisdiction.

## Legal Standards

The court "is duty-bound to examine its subject-matter jurisdiction *sua sponte.*" *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017).

Federal courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by

judicial decree." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Unless otherwise provided by statute, federal subject matter jurisdiction requires: 1) an action "arising under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331; or 2) complete diversity of citizenship between adverse parties combined with an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332.

Regarding federal question jurisdiction, the most common cases "arising under" federal law "are those in which federal law creates the cause of action." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). In rare situations, a case may arise under federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9 (1983).

In cases invoking diversity jurisdiction, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). "The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam). "'The failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

While pleadings by *pro se* plaintiffs are construed liberally, *see, e.g.*, *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002); *Mass v. McDonald's Corp.*,

2004 WL 2624255, at *2 (N.D. Tex. Nov. 12, 2004) (Lynn, J.), the court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). And "even though a particular statute or rule need not necessarily be cited by name[,]" the party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; jurisdiction cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citations omitted). "[C]ourts are not obligated to search out the identity of a party's vaguely-pleaded claims." *Mass,* 2004 WL 2624255, at *2. Ultimately, "[t]he plaintiff is the master of his own pleadings, and even a *pro se* litigant has the right to plead himself out of court, just as an attorney may do." *Estrada v. Dominguez,* 2001 WL 506982, at *2 (N.D. Tex. May 14, 2001) (Averitte, J.).

Federal courts do not have to—and in fact, should not—wait for a Rule 12(b)(1) motion to determine whether subject matter jurisdiction exists. On the contrary, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The court "is duty-bound to examine its subject-matter jurisdiction *sua sponte.*" *Burciaga,* 871 F.3d at 384 n.4; *see also Ins. of Ir., Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 (1982) (explaining that while under Rule 12(h) defenses for lack of personal jurisdiction are waived if untimely, even an appellate court may review subject matter jurisdiction *sua sponte*).

**Analysis**

Chandler fails to establish this Court's subject matter jurisdiction. There is no sign that federal question jurisdiction exists. Chandler's claims against Texas Best Pre-Owned Auto Sales are for breach of contract, breach of warranty, or fraud, which are state law causes of action. *See Box v. PetroTel, Inc.*, 33 F.4th 195, 201-02 (5th Cir. 2022); *Visintine v. Navyarmy Comm. Credit Union*, 2024 WL 4720606, at *7 (S.D. Tex. Aug. 29, 2024) ("Plaintiff's claims of breach of contract, deceptive trade practices, and fraud are state law claims—they do not arise under any federal statute, and thus do not trigger federal question jurisdiction under 28 U.S.C. § 1331."), *rec. accepted* 2024 WL 4819438 (S.D. Tex. Nov. 18, 2024).

Likewise, Chander's dispute with Allstate appears to lack any connection to federal law. If he is alleging that Allstate stole his car or was negligent in preventing its theft, these claims arise under state law. *See Mckee v. Tex. Star Salon, LLC*, 2007 WL 2381246, at *3 (N.D. Tex. Aug. 21, 2007) (Ramirez, J.) ("Plaintiff's assertion of a wrongful conversion claim raises no question of federal law."); *Coleman v. Blissett*, 2023 WL 9375637, at *1 (N.D. Tex. Dec. 26, 2023) (finding that negligence was state-law claim arising under Texas law) (Rutherford, J.), *rec. accepted*, 2024 WL 253641 (N.D. Tex. Jan. 23, 2024) (Boyle, J.).

Nor does Plaintiff establish diversity jurisdiction. He fails to allege complete diversity of citizenship or that more than $75,000 exclusive of interests and costs is at issue. He admits that only $40,000 is at issue.

In sum, this Court lacks subject matter jurisdiction over Chandler's case, and it should be dismissed without prejudice.

## Leave to Amend

Ordinarily, "a *pro se* litigant should be afforded an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Even so, the Court need not grant leave to amend when amendment would be futile. *In re Sherwin Alumina Co.*, 952 F.3d 229, 236 (5th Cir. 2019). Here, Chandler could not amend his Complaint to establish subject matter jurisdiction. His case involves state-law issues among non-diverse parties, and less than $75,000 is at stake. Thus, leave to amend would be futile and should not be given.

## Recommendation

The District Judge should dismiss this lawsuit for lack of subject matter jurisdiction without prejudice to Chandler's ability to refile it in a proper state court.

SO RECOMMENDED

May 29, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

5

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).